The BALOISE INSURANCE COMPANY OF AMERICA, Plaintiff and Counter Defendant,

v.

SOUTHWEST FREIGHT OF SAN ANTONIO, INC., Defendant, Counter Plaintiff, and Cross Defendant,

and

American President Lines, Ltd., Defendant and Cross Plaintiff.

Civ. A. No. H–88–1418.

United States District Court, S.D. Texas, Houston Division.

Nov. 11, 1988.

Hugh J. Plummer, Bradshaw & Plummer, Houston, Tex., for plaintiff and counterdefendant.

John F. Unger, Royston, Rayzor, Vickery & Williams, Houston, Tex., for American President Lines, Ltd.

Richard P. Colquitt, Fulbright & Jaworski, Houston, Tex., for Southwest Freight of San Antonio, Inc.

## MEMORANDUM ON PARTIAL SUMMARY JUDGMENT

HUGHES, District Judge.

This court must resolve whether Southwest Freight, by having an interchange agreement with American President Lines, Ltd., has impaired The Baloise Insurance Company of America's contractual right of subrogation under the inland transit policy to pursue American President Lines. The indemnity clause of the interchange agreement does not impair the subrogation rights of Baloise. When Baloise makes payment on the claim, Baloise is subrogated to the rights of Southwest Freight, and it can assert a claim against American President Lines. Southwest Freight's motion for a partial summary judgment will be granted.

■ While Baloise was investigating the claim of Southwest, it discovered that Southwest had an interchange agreement with American. In the interchange agreement, Southwest fully indemnified American. The inland policy prohibited Southwest from entering into special agreements with carriers, bailees, or others releasing them from their common law or statutory liability. Baloise contends that Southwest, by entering into the interchange agreement with American, impaired its contractual right of subrogation under the inland policy to pursue American for improperly maintained equipment.

*Analysis.*

Baloise has admitted that a valid contract of insurance exists and that a loss has occurred. Unless there has been impairment of Baloise's subrogation rights against American, the loss is a covered loss.

■ This court holds that Southwest's interchange agreement with American does not impair Baloise's subrogation rights. An impairment of subrogation rights of an insurer occurs when an insured releases a tort-feasor from liability for a loss. Southwest has not executed a release in favor of American. The effect of the interchange agreement is not to release American from liability but to place an indemnity obligation on Southwest. Baloise has a valid insurance contract with Southwest. Once Baloise pays Southwest for the damaged cargo, Baloise will inherit Southwest's claim on this loss. Baloise still has the right to make claims against American for defective equipment.

The only effect of the indemnity agreement is: If the insurer succeeds in its subrogation action against the first carrier, the first carrier then has a claim against the second carrier for indemnification under the interchange agreement.

*Conclusion.*

Southwest has not impaired the subrogation rights of Baloise. Therefore, Baloise owes Southwest under the terms of the insurance contract. Southwest's motion for partial summary judgment will be granted.

## ORDER GRANTING PARTIAL JUDGMENT FOR SOUTHWEST FREIGHT

It is adjudged that Southwest Freight of San Antonio, Inc., recover $77,848.00 from Baloise Insurance Company of America.